No. 13,427.

BOULDER VALLEY COAL COMPANY ET AL. *v.* SHIPKA ET AL.

(30 P. [2d] 852)

Decided February 26, 1934. Rehearing denied March 19, 1934.

Mr. Frank C. West, for plaintiffs in error.

Mr. Paul P. Prosser, Attorney General, Mr. M. S. Ginsberg, Assistant, Mr. Otto Friedrichs, for defendants in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

The Industrial Commission, here referred to as the commission, awarded to Paul Shipka, claimant and co-defendant in error, compensation for permanent disability. The district court affirmed this award and plaintiff in error, called the company, brings error on the ground that there is no evidence to support the findings upon which the award was based.

It is undisputed that claimant received an injury on February 17, 1932, resulting from an accident arising out of and in the course of his employment by the company, which was that of a coal miner. The attending company physician reported: "Caught under large chunk of coal. Resulted in contusion of defendant's thigh; questionable fracture of right ischium; abrasions of right hand, mild shock." The company's report of the accident filed with the commission February 26, 1932, contains this description of the accident and injury: "Injured was picking coal, when large chunk rolled over knocking him down and pinning him under it. Severe painful bruising and trauma of entire body especially the pelvic and abdominal regions and left thigh."

On March 19, 1932, claimant filed his claim for compensation, describing his injuries as to his left leg, left knee and two fingers on right hand. On March 30, 1932, he appeared at the hearing before a referee of the commission. On June 8, 1932, on uncontroverted evidence, a finding of disability was made and an award computed thereon. To determine whether there had been error, mistake or change in condition, the commission had further hearings and on October 3, 1933, made its supplemental findings and award, finding there had been a change in condition of claimant, and correcting errors of the original award of June 8, 1932. Of this award complaint is made. The final award recites that the commission prematurely determined claimant's disability as of June 8, 1932, because the disability had not at that time become fully apparent. Following is the wording of that part of the finding and award:

"The Commission further finds: That there has been a change in condition and that the Claimant's disability at this time instead of being confined to the left leg, and the right middle finger, also includes a back condition involving the lumbosacral joint. The claimant was totally disabled from the date of his accident to September 1, 1933. His permanent disability at that time was 30% as a working unit. His age was forty-four years. His expectancy of life, 25.27 years."

The company vigorously contends that the change in the award was based upon a condition of claimant's back, disclosed for the first time more than a year after the injury, and of which no mention was made by claimant in his original claim for injuries and that there is no evidence to support a finding that this condition of the back was due to the injury, but to the contrary the claim is made that the evidence shows that it was due to a congenital condition.

The record contains the reports of five physicians and the testimony of some. Dr. Robert G. Packard and Dr.

Willard J. White for the claimant, Dr. H. S. Finney and Dr. Atha Thomas for the commission and Dr. C. W. Bixler for the company. We find no dispute in the testimony or reports of the physicians as to a disability. The evidence clearly supports the finding of a changed condition of claimant subsequent to the original award. There is substantial evidence to sustain a finding that this changed condition was a result of the injury. If there was any uncertainty about it, occasioned by the conflicting opinions of the medical examiners, that was a matter for the commission to determine, and they have resolved that conflict in favor of the claimant. We do not feel it necessary to detail or summarize the testimony and thereby encumber this opinion. We must first be satisfied by a careful examination of the record that the evidence fairly supports the findings and award, and when we find, as here, that they are so supported, then they merit our approval and we should sustain the act of the commission.

The judgment of the trial court affirming the award of the commission is affirmed.

Mr. Chief Justice Adams and Mr. Justice Burke concur.